IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kevin LaPatrick Fowler, | ) | C.A. No. 7:25-cv-13983-BHH-KFM |
| Plaintiff, | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| Jerrad Smith, | ) | |
| Defendant. | ) | |

The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983.

The plaintiff filed his complaint on December 19, 2025, alleging violations of numerous rights under the Fourth and Fifth Amendments to the United States Constitution, as well as state law claims (doc. 1). At the time of the filing of his complaint, the plaintiff was a pretrial detainee in the Spartanburg County Detention Center (*id.* at 23). The plaintiff was ordered that he must always keep the Clerk of Court advised in writing if his address changed for any reason (doc. 7). He was further advised that if as a result of his failure to comply with the order he failed to meet a deadline set by the court, his case may be dismissed for violating the order (*id.*). By order entered on April 23, 2026, the plaintiff was allowed to proceed solely on his claim for excessive force under the Fourth Amendment (docs. 13, 25). On March 9, 2026, the first piece of court mail addressed to the plaintiff at

the detention center was returned to the Clerk of Court as undeliverable (doc. 17). All subsequent mail has also been returned as undeliverable (docs. 18, 21, 30, 34, 37).

On June 12, 2026, the defendant filed a motion to dismiss or, in the alternative, for summary judgment (doc. 31). On June 15, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to respond adequately (doc. 32). The plaintiff did not file a response to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on August 12, 2026, giving the plaintiff through September 2, 2026, to file his response to the defendant's motion (doc. 35). The plaintiff was specifically advised that if he failed to respond, the undersigned would recommend that the district judge dismiss this action for failure to prosecute. On August 31, 2026, the *Roseboro* order was returned to the Clerk of Court marked "Return to Sender. Attempted - Not Known. Unable to Forward" (doc. 37). A handwritten notation on the envelope indicates that the plaintiff was released from Kirkland Correctional Institution[1] on February 13, 2026 (*id.*). The plaintiff did not respond to the defendant's motion.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;

---

[1] The *Roseboro* order was mailed by the Clerk of Court to the plaintiff at both his address of record at the Spartanburg Detention Center and Kirkland Correctional Institution (doc. 33).

> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id.* at 95–96 (citation omitted).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendant is left to wonder when the action will be resolved. The plaintiff has not responded to the defendant's motion to dismiss or, in the alternative, for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned this lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). The Clerk of Court shall immediately mail this report to the plaintiff. If the plaintiff notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and complies with the court's prior orders, the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, the plaintiff does not file objections or a response to the motion to dismiss or, in the alternative, for summary judgment, the Clerk of Court shall forward this

report to the district judge for disposition. Should the district judge adopt this recommendation, the defendant's motion to dismiss or, in the alternative, for summary judgment (doc. 31) will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

September 9, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).